UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (CAMDEN)

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

ROMANO GARUBO & ARGENTIERI
*Counselors at Law LLC*
Michael F.J. Romano, Esquire
MR #7160
52 Newton Avenue, P.O. Box 456
Woodbury, New Jersey 08096
(856) 384-1515

Attorneys for Secured Creditor, Parke Bank

ALEX J. AZZARI
dba Azzari Builders, Inc. dba Alessio Azzari, Inc.
dba Azzari Developers, LLC dba Artex Concrete
Construction Co., Inc.
xxx-xx-4652

                              Debtors

Case No. 19-30666

Chapter 13

Judge: Andrew B. Altenburg, Jr.

**Order Filed on March 24, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Hearing Date:
March 24, 2020 at 10:00 a.m.

ORDER VACATING STAY

The relief set forth on the following page numbered two (2) is hereby **ORDERED**.

**DATED: March 24, 2020**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**
Debtor:   Alex J. Azzari
Case No:  19-30666 ABA
Caption of Order: ORDER VACATING STAY AS TO REAL PROPERTY

Upon the motion of Parke Bank, (hereinafter "Movant"), under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain real property and waiving the 14-day stay under FRBP 4001(a)(3), as herein set forth, and for cause shown, it is hereby:

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following real property:

**313 Swedesboro Road, Monroeville, New Jersey 08343.**

It is further ORDERED that the movant may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the Movant may join the Debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

Rule 4001(a)(3) is not applicable and Movant may immediately enforce and implement this Order in its entirety.

The Movant shall serve this order on the Debtor, Debtor's attorney, any trustee and any other party who entered an appearance on the motion.